IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 AUG 17  A 10: 10

| | |
|---|---|
| ANGELA PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | 3:06CV742- |
| ROANOKE CITY BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from gender discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Angela Price ("Plaintiff") timely filed her sex discrimination charge with the Equal Opportunity Commission within 180 days after the last discriminatory treatment. Plaintiff further filed this suit within 90 days after receipt of her right-to-sue letter issued from the E.E.O.C.

### II. PARTIES

3. Plaintiff is a female citizen of the United States over the age of nineteen and a resident of Five Points, Chambers County, Alabama.

4. Defendant Roanoke City Board of Education ("Defendant") is governmental entity located in Roanoke, Randolph County, Alabama and is an employer as that term is contemplated under Title VII.

## III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Plaintiff is female.

7. Plaintiff became employed by Defendant in 1996.

8. Plaintiff is a crossing guard at Handley Middle School in Roanoke, which is operated by Defendant.

9. Jerrell Cottle is a crossing guard at Handley Middle School and an employee of Defendant.

10. Cottle is male.

11. Beginning with the start of the school year of 2003-2004, Plaintiff was subjected to sexual harassment by Cottle.

12. The harassment occurred through that school year, the school year of 2004-2005, and the fall semester of 2005 until October, approximately one month after Plaintiff filed her EEOC charge.

13. Cottle frequently remarked on Plaintiff's appearance, such as telling her she is pretty and saying "You look good enough to eat this morning."

14. Cottle further frequently asked Plaintiff to go out with him and to "go with" him.

15. Cottle further touched Plaintiff on the cheek, shoulder and hand.

16. Cottle's harassment of Plaintiff occurred on a daily basis.

17. The harassment was very upsetting and distracting to Plaintiff.

18. The harassment further caused Plaintiff to lose satisfaction and enjoyment in her job and made her not want to come to work.

19. Further, whereas Plaintiff had been coming to work about fifteen minutes before her scheduled work time started, after the harassment began she started coming in just before her scheduled start time to try to avoid Cottle.

20. Plaintiff's coming to work closer to her start time caused her to be in a rush to get to her post.

21. Plaintiff complained to teachers at the school, the secretary, the counselor, and the assistant principal about the harassment.

22. However, nothing was done about it until Plaintiff filed her EEOC charge.

23. Plaintiff further made efforts to obtain an employee handbook because she had no information as to any policy or reporting procedure of defendant regarding sexual harassment.

24. Plaintiff called the high school for a copy.

25. However, she was not able to get one as the copy there was reportedly packed up in an unknown location.

26. Plaintiff also called Defendant's central office and asked for a copy.

27. However, she was not able to get one as the copy there was reportedly taken apart at the time due to pending revisions.

## IV. CAUSES OF ACTION

### COUNT I

### TITLE VII

28. Paragraphs 1-27 above are incorporated by reference.

29. Defendant violated Plaintiff's rights under Title VII by subjecting her to sexual harassment.

30. As a result of the harassment, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendant to pay Plaintiff compensatory damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

/s/ Adam M. Porter

Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

_____
Attorney for Plaintiff

<u>Defendant's Address</u>:
Roanoke City Board of Education
c/o Chuck Marcum, Superintendent
557 Main St.
Roanoke, AL 36274

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ANGELA PRICE, )
 )
  Plaintiff, )
 )
 ) Civil Action No.
vs. )
 ) 3:06 cv 742
ROANOKE CITY BOARD OF EDUCATION, )
 )
  Defendant.

RECEIVED
2006 AUG 17  A 10: 10
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Pursuant to Rule 4.1 of the Alabama Rules of Civil Procedure and Rule 4(c)(2)(C)(i) of the Federal Rules of Civil Procedure, plaintiff requests that defendant be served by certified mail.

Respectfully submitted,

Adam M. Porter
Attorney for Plaintiff
2301 Morris Avenue
Suite 102
Birmingham, Alabama 35203
(205) 322-8999