**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

March 27, 2007

# NOTICE OF CORRECTION

| | |
|---|---|
| **From:** | **Clerk's Office** |
| **Case Style:** | **Angela Price v. Roanoke City Board of Education** |
| **Case Number:** | **#3:06-cv-00742-MEF** |
| **Referenced Document:** | Document #9<br>Motion to Amend |

**This notice has been docketed to enter the corrected pdf of the attachment ("First Amended Complaint") to the referenced document into the record. The original pdf did not contain a proper amended complaint. The corrected pdf is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | 3:06-cv-742-MEF |
| ROANOKE CITY BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. | |

_____

**FIRST AMENDED COMPLAINT**

I. <u>JURISDICTION</u>

1. This is a suit for relief from gender discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Angela Price ("Plaintiff") timely filed her sex discrimination charge with the Equal Opportunity Commission within 180 days after the last discriminatory treatment. Plaintiff further filed this suit within 90 days after receipt of her right-to-sue letter issued from the E.E.O.C.

II. <u>PARTIES</u>

3. Plaintiff is a female citizen of the United States over the age of nineteen and a resident of Five Points, Chambers County, Alabama.

4. Defendant Roanoke City Board of Education ("Defendant") is governmental entity located in Roanoke, Randolph County, Alabama and is an employer as that term is contemplated under Title VII.

## III. BACKGROUND

5. Paragraphs 1-4 above are incorporated by reference.

6. Plaintiff is female.

7. Plaintiff became employed by Defendant in 1996.

8. Plaintiff is a crossing guard at Handley Middle School in Roanoke, which is operated by Defendant.

9. Jerrell Cottle is a crossing guard at Handley Middle School and an employee of Defendant.

10. Cottle is male.

11. Beginning with the start of the school year of 2003-2004, Plaintiff was subjected to sexual harassment by Cottle.

12. The harassment occurred through that school year, the school year of 2004-2005, and the fall semester of 2005 until October, approximately one month after Plaintiff filed her EEOC charge.

13. Cottle frequently remarked on Plaintiff's appearance, such as telling her she is pretty and saying "You look good enough to eat this morning."

14. Cottle further frequently asked Plaintiff to go out with him and to "go with" him.

15. Cottle further touched Plaintiff on the cheek, shoulder and hand.

16. Cottle's harassment of Plaintiff occurred on a daily basis.

17. The harassment was very upsetting and distracting to Plaintiff.

18. The harassment further caused Plaintiff to lose satisfaction and enjoyment in her job and made her not want to come to work.

19. Further, whereas Plaintiff had been coming to work about fifteen minutes before her scheduled work time started, after the harassment began she started coming in just before her scheduled start time to try to avoid Cottle.

20. Plaintiff's coming to work closer to her start time caused her to be in a rush to get to her post.

21. Plaintiff complained to teachers at the school, the secretary, the counselor, and the assistant principal about the harassment.

22. However, nothing was done about it until Plaintiff filed her EEOC charge.

23. Plaintiff further made efforts to obtain an employee handbook because she had no information as to any policy or reporting procedure of defendant regarding sexual harassment.

24. Plaintiff called the high school for a copy.

25. However, she was not able to get one as the copy there was reportedly packed up in an unknown location.

26. Plaintiff also called Defendant's central office and asked for a copy.

27. However, she was not able to get one as the copy there was reportedly taken apart at the time due to pending revisions.

IV. CAUSES OF ACTION

COUNT I

TITLE VII

28. Paragraphs 1-27 above are incorporated by reference.

29. Defendant violated Plaintiff's rights under Title VII by subjecting her to sexual harassment.

3

30. As a result of the harassment, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendant to pay Plaintiff compensatory damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

### 42 U.S.C. §1983- SEXUAL HARASSMENT

31. Paragraphs 1-30 are incorporated by reference.

32. Defendant violated Plaintiff's equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution by subjecting her to sexual harassment, which constituted a hostile work environment.

33. Defendant is responsible for the sexual harassment because (a) the harassment was so permanent and well settled as to constitute a custom or usage, and/or (b) Defendant tacitly authorized the harassment and/or displayed deliberate indifference towards it.

34. As a result of the above described discriminatory act, Plaintiff has been made to suffer mental anguish and emotional distress.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions as described herein violate §1983;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from continuing to violate §1983;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by ordering Defendant to pay compensatory damages as a jury may assess;

(iv) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

        Respectfully submitted,
        s/  Adam M. Porter
        Adam M. Porter
        Attorney for Plaintiff
        2301 Morris Avenue, Suite 102
        Birmingham, Alabama 35203
        Phone: (205) 322-8999
        Facsimile: (205) 322-8915
        Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

        s/  Adam M. Porter
        Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 27, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Donald B. Sweeney, Jr., Esq Bradley Arant Rose & White LLP One Federal Place 1819 Fifth Avenue North Birmingham, AL 35203-2104 and that there are no non-CM/ECF participants in this case.

                                              s/ Adam M. Porter
                                              Attorney for Plaintiff