IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER: |
| | ) 3:06-cv-742-VPM |
| ROANOKE CITY BOARD OF | ) |
| EDUCATION, | ) |
| | ) |
| Defendant. | |

## **ANSWER TO AMENDED COMPLAINT**

Comes now the Defendant and for answer to Plaintiff's Amended Complaint states as follows:

### General Denial

Defendant Roanoke City Board of Education (hereinafter referred to as "Board" or "Defendant") denies the allegations that it, singularly or collectively, deprived Plaintiff of any legal right, and asserts that Plaintiff is not entitled to any relief as requested in the complaint, amended complaint or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The material allegations of Plaintiff's amended complaint are denied.

### SECOND DEFENSE

The amended complaint fails to state a claim upon the Defendant upon which relief can be granted.  This Defendant, protected against action in tort by governmental immunity, is not liable for the tort actions alleged beyond the line and scope of an employee's duties and responsibilities.

### THIRD DEFENSE

The amended complaint fails to allege facts which constitute a cause of action under the federal statutes.

### FOURTH DEFENSE

Defendant asserts that the applicable statute of limitation bars this cause of action.

## FIFTH DEFENSE

To the extent that Plaintiff raises issues in the Amended complaint which are not like or related to the Charge of Discrimination she filed with the Equal Employment Opportunity Commission, she cannot pursue such issues in this action.

## SIXTH DEFENSE

To the extent Plaintiff attempts to raise claims regarding acts or omissions more than 180 days prior to the filing of Plaintiff's Charge of Discrimination with the EEOC, such complaints are barred by Plaintiff's failure to file a timely charge as to such matters.

## SEVENTH DEFENSE

Plaintiff has not received a Notice of Right to Sue, her claims are untimely.

## EIGHTH DEFENSE

The Plaintiff has failed to take necessary and appropriate steps to prevent or mitigate the misconduct alleged.

## NINTH DEFENSE

Defendant denies that it violated Plaintiff's rights under 42 U.S.C. § 2000e, *et seq.*

## TENTH DEFENSE

Defendant asserts the defense of governmental immunity as a bar to recovery concerning the state causes of action. In particular, matters involving discretionary conduct such as supervisory action are subject to the defense of governmental immunity.

## ELEVENTH DEFENSE

The school district is a political subdivision of the State of Alabama and operates pursuant to the general laws of the state. As such, Defendant is protected from suits grounded in negligence by the doctrine of governmental immunity. Defendant claims the affirmative defense of governmental immunity.

## TWELFTH DEFENSE

Compensatory damages are not available against school districts or this Defendant and Defendant denies that Plaintiff is entitled to compensatory damages.

## SPECIFIC ANSWERS TO PARAGRAPHS OF THE AMENDED COMPLAINT

Defendant, in response to the specific allegations raised in Plaintiff's Complaint, states in seriatim as follows:

1. <u>Jurisdiction</u>: Defendant admits that this Court has jurisdiction to adjudicate matters properly invoking the statutes referenced, but denies that jurisdiction is properly invoked by the facts of this case. Defendant denies that Plaintiff is entitled to the relief sought.

2. Defendant denies that Plaintiff filed this suit within 90 days after receipt of her notice of right to sue letter. To Defendant's knowledge, Plaintiff has not been issued a notice of right to sue and therefore her complaint is untimely.

3. <u>Parties</u>: Defendant admits the allegations regarding age and residence of the Plaintiff.

    4.    Admitted.

    5.    Paragraphs 1 through 4 of this answer are incorporated by reference.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

    10.    Admitted.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

16. Denied.

17. Defendant denies that Plaintiff suffered harassment and Defendant can neither admit nor deny the remaining allegation and demands strict proof thereof.

18. Defendant denies that Plaintiff suffered harassment and Defendant can neither admit nor deny the remaining allegation and demands strict proof thereof.

19. Defendant denies that Plaintiff suffered harassment and Defendant can neither admit nor deny the remaining allegation and demands strict proof thereof.

20. Defendant can neither admit nor deny and demands strict proof thereof.

21. Denied.

22. Denied.

23. Denied.

24. Defendant can neither admit nor deny the allegation in this paragraph and demands strict proof thereof.

25. Defendant can neither admit nor deny the allegation in this paragraph and demands strict proof thereof.

26. Admitted.

27. Admitted that at the time Plaintiff asked the central office for a copy the policy manual was being revised. Plaintiff was told copies were available in the school libraries and at the schools.

28. Defendant incorporates by reference paragraphs 1 through 27 as if fully set forth.

29. Denied.

30. Denied.

31. No response required.

32. Defendant denies each and every allegation of paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant denies each and every allegation of paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies each and every allegation of paragraph 34 of Plaintiff's Amended Complaint.

Prayer for Relief

WHEREFORE, Defendant, having answered Plaintiff's complaint, and amended complaint, says that the same be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees; and that the Court enter an order that Plaintiff recover nothing; and that the Defendant have such other and further relief, both general and special, at law and equity to which they may show itself to be justly entitled.

s/Donald B. Sweeney, Jr.<br>
Donald B. Sweeney, Jr. (SWE002)

OF COUNSEL

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on June 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  Adam M. Porter, Esq.
  2301 Morris Avenue, Suite 102
  Birmingham, AL  35203

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

  None

        Respectfully submitted,

        s/ Donald B. Sweeney, Jr.
        Donald B. Sweeney, Jr. (asb-3803-277d)
        Bradley Arant Rose & White LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2104
        Telephone: (205) 521-8000
        Facsimile: (205) 521-8800
        E-mail: dsweeney@bradleyarant.com