IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANGELA PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | 3:06-cv-742-MEF |
| ROANOKE CITY BOARD OF EDUCATION, ) | |
| Defendant. | |

_____

**PLAINTIFF'S MOTION TO CORRECT TYPOGRAPHICAL
ERRORS IN SUMMARY JUDGMENT BRIEF**

Plaintiff moves the Court for leave to correct two typographical errors in her summary judgment brief. Plaintiff states the following as grounds:

1. In response to Roanoke's asserted fact number 5, there is a typographical error. The asserted fact and plaintiff's response, with the typographical error underlined, is set forth below:

> Asserted Fact
> 5. Price attended a sexual harassment seminar given by the District on February 16, 1998. (Ex. 2, Price Depo. 23-25, 49.)
>
> Response
> 5. Admitted <u>not irrelevant</u>: the policy in effect at that time was different from the revised one that was in effect during the relevant events. (Marcum Depo. 76:22, 77:14, 94: 11-16; Ex. 7 to Marcum Depo. (last 2 pages)) The former policy provided that sexual harassment be reported to the supervisor, whereas the later policy provided that it be reported to Roanoke's Title IX coordinator. (old policy- Ex. 7 to Marcum Depo. (last 2 pages); new policy- Ex. 7 to Marcum Depo. (first 2 pages))

2. It is clear from the response, and in ensuing responses to Roanoke's later factual assertions and in argument, that "not irrelevant" should be instead "*but* irrelevant." This is clear because the response following the typographical error asserts that Roanoke's harassment policy applicable

during the events of this case was dispositively different from the version applicable in 1998, as do later passages in plaintiff's brief.

3. In response to Roanoke's asserted fact number 24, there is a regrettably another typographical error. The asserted fact and plaintiff's response, with the typographical error underlined, is set forth below:

> Asserted Fact
> 24. The policy [regarding sexual harassment] appears in the District's policy manual and in the Student Handbook. (Ex. 3, Marcum Depo. 66, 76.)
>
> Response
> 24. It is admitted that the policy is in the manual, but it is <u>undisputed</u> that the policy is in the student handbook. The policy applicable to students is different from the one applicable to employees. (Marcum Depo. 77:6-8; Ex. 7 to Marcum Depo)

4. "Undisputed" in the response above should instead be "disputed." It is clear from the response following the typographical error that plaintiff was asserting that the policy applicable to employees, which is a completely different policy from the one applicable to students, was not in the student handbook.

5. The undersigned apologizes for the errors but requests that they be corrected.

**WHEREFORE, these premises considered**, plaintiff moves the Court for leave to correct the above referenced typographical errors in her summary judgment brief on the grounds stated.

> Respectfully submitted,
>
> /s Adam M. Porter
> Adam M. Porter
> Attorney for Plaintiff
> 2301 Morris Avenue, Suite 102
> Birmingham, Alabama 35203
> (205) 322-8999

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 27, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, who will electronically provide a copy of the foregoing to Donald B. Sweeney, Jr., Esq Bradley Arant Rose & White LLP One Federal Place 1819 Fifth Avenue North Birmingham, AL 35203-2104 and that there are no non-CM/ECF participants in this case to whom hard copies should be mailed.

                /s Adam M. Porter
                Counsel for Plaintiff